## UNITED STATES v. PANDOLFI et al.
### No. 227.

Circuit Court of Appeals, Second Circuit.
March 25, 1940.

Writ of Certiorari Denied June 3, 1940.

See 60 S.Ct. 1103, 84 L.Ed. ——.

Nicholas T. Rogers, of New York City, for appellant Pandolfi.

Jesse Climenko, of New York City (Wegman & Climenko, of New York City, on the brief), for appellants LoPiccolo and Scarpulla.

John K. Carroll, Sp. Asst. U. S. Atty., of New York City (John T. Cahill, U. S. Atty., of New York City, on the brief), for the United States.

Before SWAN, CLARK, and PATTERSON, Circuit Judges.

CLARK, Circuit Judge.

On August 3, 1938, investigators of the government's Alcohol Tax Unit discovered an illicit still in a house on the farm of Anna O. West at Shrub Oak, New York. Certain persons, found at the still, were then arrested. Others were later apprehended, so that eventually fourteen were indicted. The indictment was in five counts. The first four charged the commission of substantive crimes of possessing an unregistered still, making and fermenting mash in an illicit distillery, distilling without giving a bond, and possessing distilled spirits in containers without revenue stamps (26 U.S.C.A., Int.Rev.Code §§ 2810, 2834, 2833, 2803 (a, g); the fifth alleged a conspiracy to commit these substantive crimes (18 U.S.C.A. § 88). Of the defendants indicted, six pleaded guilty at the beginning or at the end of the trial; the charge against one was dismissed by the court; one was acquitted by the jury; and the remaining six were convicted on the conspiracy count and acquitted on the other counts. Of the six who were convicted, Pandolfi, Lo Piccolo, and Scarpulla have appealed.

Among the errors assigned, the only one requiring detailed consideration is that the prosecution failed to produce a prima facie case against each of these appellants. The claim of error for asserted inconsistency in the jury's verdict is not sustainable. Rothman v. United States, 2 Cir., 270 F. 31, 37, certiorari denied 254 U. S. 652, 41 S.Ct. 149, 65 L.Ed. 458; Seiden v. United States, 2 Cir., 16 F.2d 197; Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161. And the errors assigned as to the admission of evidence refer to matters trivial in themselves and either stricken from the record by the court itself, or, if not clearly admissible, at least without indication of substantial prejudice resulting to the accused from their admission. The evidence, however, requires some analysis in view of the claim pressed upon us that under our recent decision in United States v. Falcone, 2 Cir., 109 F.2d 579, no jury issue was here presented. That case held that sales of sugar, not illegal in themselves, did not alone show participation of the sellers in a conspiracy of this form, even if the sellers had knowledge that the sugar might be used for an illegal purpose.

In the present case the defendants offered no evidence in their behalf. The government's case, as it affected them, was based on their connection with the transportation of sugar from the A. C. Trading Company in New York to three "drops" or places of storage near the still, and from there to the still itself. The proprietor of the Trading Company was one Calo, a defendant who pleaded guilty. Of the three drops, each located within a few

miles of the still, one was in a stable rented from Renk, a defendant who pleaded guilty; another was in the garage rented of Mrs. Szenthe, a government witness; and the third was in a room of the house of one Jackson, who was a witness for the government along with his wife. Testimony from these and other witnesses was offered to show the use of these drops in connection with the particular still whose operation was the central purpose of the conspiracy here charged. Thus there was proof that a defendant arrested at the still—who pleaded guilty—had rented two of the drops, that sugar was hauled from the A. C. Trading Company to the drops, that various of the indicted defendants (including some of those seen at the still itself) accompanied the sugar or met it at the drops, that these defendants later picked it up for retransportation, that at the time the still was raided one of the defendants who had been seen at the Jackson drop drove up with a ton of sugar in 100-pound bags in his car. The jury was therefore clearly justified in regarding use of the drops as an integral part of this particular conspiracy.

The evidence was also adequate to connect these appellants with the transportation to and storage of the sugar at these drops and hence to tie them into the conspiracy. Pandolfi accompanied the defendant who rented two of the drops; he was found at the A. C. Trading Company's office; he accompanied or convoyed trucks loaded with sugar to the Szenthe and Renk drops, and himself picked up sugar at the latter place; he visited all the drops, as well as the garages (including the one where his own car was stored) where loads of sugar were switched to trucks driven by other defendants or hired for the purpose. LoPiccolo was a salesman for the A. C. Trading Company on commission, though he kept no list of customers or sales; he was seen at Renk's drop with several of the conspirators, as well as at the West farm where the still was found; he was overheard to say that Renk's would be "a wonderful place to drop sugar" and would not be found easily. And Scarpulla was often at the A. C. Trading Company's office; he was at the garages where the sugar was reloaded on the trucks referred to above; he accompanied the trucks to the three drops, assisted in the storage of the sugar there, and took away some of the sugar himself from Renk's place.

It will be seen that if this evidence proves anything, it demonstrates much more direct participation in the conspiracy than was shown in United States v. Falcone, supra. If the jury were to be permitted to make the deductions and inferences from this proof which would be logical and natural under the circumstances, they would necessarily conclude that these defendants took an active part in carrying the conspiracy forward, and did not limit their activities merely to the legal sale of sugar. We feel there is no reason why the jury should be denied the opportunity to make such logical and natural inferences. United States v. Manton, 2 Cir., 107 F.2d 834, 839-844, 848-850, certiorari denied 60 S.Ct. 590, 84 L.Ed. ——; United States v. Buckner, 2 Cir., 108 F.2d 921, 925, 930, certiorari denied 60 S.Ct. 613, 84 L.Ed. ——; Pernatto v. United States, 3 Cir., 104 F.2d 427.

Affirmed.