## UNITED STATES v. LOEW.

### No. 53.

Circuit Court of Appeals, Second Circuit.

Nov. 8, 1944.

Writ of Certiorari Denied Feb. 5, 1945.

See 65 S.Ct. 587.

Abraham J. Gellinoff, of New York City (Irving J. Tell, of New York City, of counsel), for appellant.

James B. M. McNally, U. S. Atty., of New York City (Robert Mitchell and Thomas K. Fisher, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The appellant was convicted, with three codefendants who have not appealed, of conspiracy to operate unregistered stills. It is conceded that the codefendants owned and operated illicit stills and purchased therefor large quantities of sugar from the appellant, who conducted a grocery store at 106th Street and First Avenue in New York City; but it is urged that the proof is insufficient to establish that the appellant was a party to the conspiracy. In reliance upon United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128, and Direct Sales Co. v. United States, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674, the appellant contends that selling sugar to illicit distillers with knowledge that they would use it in violation of the law does not prove him to have been a participant in their conspiracy, even though his sales may have furthered the object of the conspiracy. But the proof in the case at bar shows a much more direct participation in the conspiracy than appeared in the cases above cited. Here the sales were not made openly at the appellant's place of business; he arranged to take orders by telephone under code words, and he delivered the sugar furtively at night, once at one of the illicit stills and generally at a coal yard where the sugar was transferred from the appellant's truck to the bootleggers' automobiles. He knew of the conspiracy, for Thomas Sharp was introduced to him by Blenhyme with the remark: "This is one of the syndicate that I was buying stuff for. He will be doing the buying now." He also

aided the conspirators to conceal their purchases by failing to make the record of sugar sales required by governmental regulations. The assistance so given the illicit distillers was sufficient to support a finding that the appellant had made himself a party to the illegal conspiracy. United States v. Pandolfi, 2 Cir., 110 F.2d 736 certiorari denied 310 U.S. 651, 60 S.Ct. 1103, 84 L.Ed. 1416; United States v. Pecoraro, 2 Cir., 115 F.2d 245, 246 certiorari denied 312 U.S. 685, 61 S.Ct. 611, 85 L.Ed. 1123.

It is urged that error was committed in the trial by receiving, over appellant's objection, testimony of admissions made by him to an agent of the Alcohol Tax Unit in November, 1942, that "he had sold sugar to bootleggers in the past. And he said he had expected to continue to sell sugar, because there was a very good profit in it; that he was afraid of the O. P. A. that they might put him out of business, but that if his records and books and inventory were examined that no discrepancies would be found, and that he always had someone who could cover him on any sales of sugar which he might make." The appellant argues that there is nothing to identify the bootleggers referred to in the admission as those with whom he was charged with conspiring; hence the admission was irrelevant. But if his statement referred to the sales which had been proved it was clearly relevant, and that it did is a permissible inference. The jury might have been instructed to disregard it unless they believed it did refer to such sales, but no such instruction was requested.

The final contention is that the evidence, if sufficient to prove the appellant a party to the conspiracy, proves him guilty of the substantive crimes, and therefore he cannot be convicted of conspiracy to commit them. The appellant misunderstands the doctrine to which we referred in United States v. Zeuli, 137 F.2d 845. It is limited to cases in which the substantive crime involves the mutual co-operation of two or more persons and cannot be committed by a single individual. All of the substantive crimes contemplated by the conspiracy charged in the indictment at bar could have been committed by one person. The attempt to stretch the Zeuli doctrine to cover the appellant's situation is wholly without merit.

Judgment affirmed.