**UNITED STATES**

v.

**JOHNSON et al.**

Nos. 97, 98, Dockets 22849, 22850.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1953.
Decided Dec. 4, 1953.
Writ of Certiorari Denied
March 15, 1954.
See 74 S.Ct. 531.

Henry A. Lowenberg, New York City, for appellants.

J. Edward Lumbard, U. S. Atty., New York City, for appellee; James B. Kilsheimer, III, and Frederic S. Nathan, Asst. U. S. Attys., New York City, of counsel.

Before SWAN, FRANK and MEDINA, Circuit Judges.

PER CURIAM.

Each of the appellants was found guilty upon trial to a jury of selling heroin on two occasions and of conspiring to sell narcotics. Johnson was sentenced to five years on each of the three counts, to run consecutively, and was fined a total of $9,000. Pettigrew was given prison sentences totaling twelve years. Before sentence was imposed the appellants moved for a new trial on the ground of newly discovered evidence and perjured testimony. The denial of this motion is the principal error urged on the appeal.

A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge, and a denial of the motion will be reversed on appeal only if an abuse of discretion appears. United States v. On Lee, 2 Cir., 201 F.2d 722, 723, certiorari denied 345 U.S. 936, 73 S.Ct. 798; United States v. Forzano, 2 Cir., 190 F.2d 687, 689; United States v. Cordo, 2 Cir., 186 F.2d 144, 148, certiorari denied Minkoff v. U. S., 340 U.S. 952, 71 S.Ct. 572, 95 L.Ed. 686. We see no such abuse in the case at bar. The first witness for the prosecution was a special employee of the Federal Bureau of Narcotics named Hunter. Without reciting his testimony in detail it will suffice to say that he made contact with the appellants in connection with the sales of heroin of which they were convicted. On direct examination he admitted several convictions of crime. On cross-examination the defense brought out that one of the convictions was for possession of narcotics, but the witness stoutly denied that he was a user of narcotics or had ever sold them. Counsel's affidavit supporting the motion for a new trial asserted that Hunter's testimony that he had never sold narcotics was perjury and was proved to be such by testimony he had given more than a year before in another narcotics prosecution in the same court against Louis Taylor and others. In the Taylor case he had testified that he had previously pleaded guilty in a Pennsylvania state court to possession and sale of narcotics and possession of firearms.

Counsel argues that Hunter's perjurious denial in the appellants' trial that he had ever sold narcotics prevented further cross-examination which might have had great influence with the jury. Two of the requirements which must be met to warrant granting a new trial on the ground of newly discovered evidence are (1) that the evidence must in fact be newly discovered, and (2) that the movant has been diligent in discovering it. See United States v. On Lee, supra, 201 F.2d at page 723, note 3. The appellants have made no showing whatever as to when they discovered Hunter's testimony in the Taylor case, nor as to their diligence in seeking to discover it. Furthermore, they disclosed to Judge Dimock only part of Hunter's testimony which is claimed to prove his perjury. Other excerpts from his testimony in the Taylor case have been printed as an appendix to the appellee's brief. These excerpts show that the police arrested him for possessing firearms, and found on his person capsules of heroin; that he had taken these from his "lady friend" and never attempted nor intended to sell them nor to use them for himself; and that although he pleaded guilty to "possession and sale," in fact he was guilty only of possession. Normally, of course, an appellate court will not consider facts not brought to the attention of the court from which the appeal is taken. "But in exceptional cases, as high authority shows, the dictates of logic will yield to the demands of justice, and the courts, in order to reach a just result, will make use of established and uncontroverted facts not formally of record in the pending litigation." Morse v. Lewis, 4 Cir., 54 F.2d 1027, 1029, certiorari denied 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291. We think this principle is applicable to the appellants' motion for a new trial. The Taylor case was tried in the same court as the appellants' case. Judge Dimock could have taken judicial notice of that part of Hunter's testimony which disproves the alleged perjury. Under these circumstances we believe we are justified in considering it. Hunter's testimony in the Taylor case, when all of

406

it is considered, does not sustain the movants' claim that he perjured himself in denying that he had ever sold narcotics.

As to the conduct of the trial only two errors are alleged. They merit little discussion. Walker's rebuttal testimony that Johnson had been engaged in the narcotic business in 1949 and 1950 was clearly admissible: (1) to impeach Johnson's own testimony that he had never engaged in that business, and (2) to negative the defense of entrapment. See Sorrells v. United States, 287 U.S. 435, 451, 53 S.Ct. 210, 77 L.Ed. 413; United States v. Sherman, 2 Cir., 200 F. 2d 880, 882. The exclusion of Mindlin's testimony was within the trial court's discretion to limit testimony on a collateral issue. See United States v. Hiss, 2 Cir., 185 F.2d 822, 832.

Judgments affirmed.