**UNITED STATES of America**

v.

**J. & R. TRANSPORT COMPANY, Inc.**

**No. 19846.**

United States District Court
E. D. Pennsylvania.

Sept. 30, 1959.

Harold K. Wood, U. S. Atty., Michael L. Temin, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William J. Henrich, Jr., Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., Herman B. J. Weckstein, Newark, N. J., of counsel, for defendant.

EGAN, District Judge.

The defendant was found guilty by a jury of operating as a contract carrier in interstate commerce without authority. The information filed by the Government contains 15 counts, each alleging the same type of violation and they differ only as to amount charged by defendant and the date of the violation. The period of time in the information covers violations occurring from November 8, 1957 to December 13, 1957.

At the conclusion of the Government's case, the Court denied the defendant's motion for a judgment of acquittal and a similar motion was also denied at the close of all the evidence. Following the verdict, the defendant moved for judgment of acquittal and, in the alternative, for a new trial.

 Taking the view most favorable to the Government, the verdict of a jury must be sustained if there is substantial evidence to support it. The Court feels that there is substantial evidence to support this verdict.

The defendant in its argument has cited Grant v. United States, 3 Cir., 1931, 49 F.2d 118, 119, in which the Court stated at page 119:

"Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial judge to instruct the jury to return a verdict for the accused, and, where all the evidence is as consistent with innocence as with guilt, it is the duty of the court to reverse a judgment against the accused."

However, this type of instruction to a jury was criticized in Holland v. United States, 348 U.S. 121, at page 139, 75 S.Ct. 127, at page 137, 99 L.Ed. 150, where the Supreme Court stated:

"The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions, * * * but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect."

This view has been adopted by the Court of Appeals for the Third Circuit in the recent case of United States v. Giuliano, 1959, 263 F.2d 582, at page 584, where Judge Staley stated:

"Although there may have been some doubt at an earlier date, it is now well settled that the evidence need not be inconsistent with every conclusion save that of guilt, provided it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt."

What is or is not substantial evidence is not a legal absolute and cannot be stated in a precise formula since it would vary from case to case. Although the Government's case rested primarily on circumstantial evidence, the Court is of the opinion that the evidence met the standards as set forth in the cases above and that there was substantial evidence from which a jury could conclude that the defendant is guilty beyond a reasonable doubt.

Order.

And now, this 30th day of September, 1959, it is hereby ordered that defendant's motions for judgment of acquittal and for a new trial are denied.