See also 187 F.Supp. 785.

**UNITED STATES of America**

v.

**Donald J. BOISVERT, Diorio Bros., Anthony Diorio, Pasco Diorio, J. Tirocchi & Sons, Inc., Valentino Tirocchi, Vincent Tirocchi, A. Forte & Sons, Inc., James A. Forte, Joseph A. Forte, Treffle J. Morin, Frank J. Shields, Inc., John F. Shields, Justin E. Abrams, C. L. Guild Construction Co., Inc., Charles L. Guild, William Unsworth.**

Cr. Ind. No. 6665.

United States District Court
D. Rhode Island.

Sept. 6, 1960.

Joseph Mainelli, U. S. Atty., Providence, R. I., for plaintiff.

John A. Varone, Providence, R. I., for Donald J. Boisvert and Treffle J. Morin.

William G. Grande, Providence, R. I., for DiOrio Bros., Anthony DiOrio and Pasco DiOrio.

Jacob S. Temkin, Benedetto A. Cerilli, Providence, R. I., Amedeo C. Merolla, Samuel A. Olevson, of counsel, for J. Tirocchi & Sons, Inc., Valentino Tirocchi and Vincent Tirocchi.

Charles A. Curran, Providence, R. I., for A. Forte & Sons, Inc., James A. Forte and Joseph A. Forte.

John T. Walsh, Providence, R. I., for Frank J. Shields, Inc. and John F. Shields.

Haig Barsamian, Providence, R. I., for Justin E. Abrams.

James A. Higgins, William C. Dorgan, Providence, R. I., for C. L. Guild Const. Co., Inc., Charles L. Guild and William Unsworth.

DAY, District Judge.

This is an indictment which charges the defendants with conspiracy to defraud the United States and to commit certain offenses against the United States in violation of 18 U.S.C. § 371. All of the defendants have moved to dismiss it. While these motions differ somewhat in their verbiage, the grounds of the several motions may properly be summarized as follows:

1. The indictment does not inform the defendants of the nature and cause of the accusation against each of them.

2. The indictment does not state facts sufficient to constitute an offense against the United States.

3. The indictment is similar to that indictment which is docketed as indictment No. 6664 in the files of this Court in the conspiracy charged therein. Therefore, the conspiracy charged in this indictment has been fragmented from the whole conspiracy for the purpose of prosecution to the prejudice of the defendants.

4. The indictment improperly and prejudicially charges offense objects which are similar in the alleged conspiracy.

5. The indictment charges a conspiracy to commit an offense against the United States which itself requires a concert of action.

6. The indictment is improper and prejudicial in its allegations as to certain overt acts by particular defendants.

The indictment, containing one count, charges that "beginning on or about April 1, 1955 and continuously thereafter up to and including the date of this indictment" the defendants "did wilfully, knowingly and unlawfully conspire, combine, confederate and agree together, and each with the other, to commit certain

offenses against the United States, to-wit:

"1. To defraud the United States of its property and money by embezzling, stealing, purloining and knowingly converting said property and money to their own use and gain.

"2. To embezzle, steal, purloin and knowingly convert to their use property and money belonging to the United States having a value in excess of $100.00.

"3. To receive, conceal and retain things of value of the United States, to-wit: property and money having a value in excess of $100 with intent to convert the same to their use and gain, knowing the same to have been embezzled, stolen, purloined and converted, in violation of Title 18, United States Code, Section 641."

The indictment further charges "that said unlawful conspiracy, combination, confederation and agreement was to be accomplished by the means and method and in the manner following:

"1. It was an essential part of said conspiracy that the defendant Boisvert, in connection with his duties in the disposal of surplus property at C.B.C. would prepare false, fictitious and fraudulent invoice/shipping documents; would falsify invitations to bid and contracts of awards; would make and present to the Disbursing Office at C.B.C. false and fraudulent accounts, and would alter, conceal and destroy pertinent documents relative to the disposal of surplus property at C.B.C.

"2. It was an essential part of said conspiracy that said other defendants would procure and cause to be procured certain false, fraudulent and fictitious documents from defendant Boisvert and by means thereof would remove and cause to be removed from C.B.C. certain surplus property belonging to the United States without the same being paid for in full."

The indictment then alleges fifty-six specific overt acts which the Government claims were performed in furtherance of and for the purpose of carrying said conspiracy into execution.

■■ Today it is no longer necessary to follow the old common law rules of criminal pleading. Sutton v. United States, 5 Cir., 1946, 157 F.2d 661; Lowenburg v. United States, 10 Cir., 1946, 156 F.2d 22. "The sufficiency of an indictment must be determined on the basis of practical rather than technical considerations" Duke v. United States, 5 Cir., 1956, 233 F.2d 897, 899. An indictment is sufficient if it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet so as to enable him to prepare his defense and to plead the judgment therein in bar of any further prosecution for the same offense. United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 94; Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Duke v. United States, supra; Sutton v. United States, supra; Lowenburg v. United States, supra; Enrique Rivera v. United States, 1 Cir., 1932, 57 F.2d 816; United States v. Apex Distributing Company, Inc., D.C.R.I.1957, 148 F.Supp. 365.

■ And where, as here, the indictment is for conspiracy, it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy. The rule is clearly set forth in Wong Tai v. United States, 1927, 273 U.S. 77, at page 81, 47 S.Ct. 300, at page 301, 71 L.Ed. 545, where the Supreme Court said:

"It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy. Williamson v. United States, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278, or to state such object with the detail which would be required in an indictment for committing the sub-

stantive offense. Thornton v. United States, 271 U.S. 414, 423, 46 S.Ct. 585, 70 L.Ed. 1013; Jelke v. United States, [7 Cir.,] 255 F. 264, 275; Anderson v. United States, [8 Cir.,] 260 F. 557, 558; Wolf v. United States, [7 Cir.,] 283 F. 885, 886; Goldberg v. United States, [8 Cir.,] 277 F. 211, 213. In charging such a conspiracy 'certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary'. Williamson v. United States, supra, 447 (28 S.Ct. 171); Goldberg v. United States, supra, 213."

■ In my opinion the present indictment meets the foregoing requirements.

The third ground of the defendants' motions is that the conspiracy charged in the instant indictment has been fragmented from a single conspiracy for the purpose of prosecution to the prejudice of the defendants. In support of this contention they point to said indictment No. 6664 which was returned by the Grand Jury simultaneously with this indictment and which charges all except two of the defendants herein with conspiracy in violation of 18 U.S.C. § 286. They contend that certain of the allegations contained therein make this conclusion unescapable. On the other hand, the Government insists that the defendants were participants in two separate, distinct conspiracies and that it expects to establish by competent evidence that there were two such conspiracies.

■ It is well settled that a conspiracy, no matter how many or diverse its objects, is but one offense. The rule which forbids multiplying conspiracies where the evidence shows only a single agreement is clearly set forth in Braverman v. United States, 1942, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23, where the Supreme Court held, 317 U.S. at page 53, 63 S.Ct. at page 101:

"For when a single agreement to commit one or more substantive crimes is evidenced by an overt act, as the statute requires, the precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects. Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one."

The instant indictment charges a conspiracy in violation of 18 U.S.C. § 371; indictment No. 6664 charges a conspiracy in violation of 18 U.S.C. § 286. They are separate offenses. United States v. Samuel Dunkel & Co., Inc., 2 Cir., 1950, 184 F.2d 894.

■ In my opinion it is not for me to speculate as to what evidence the Government will produce to establish that there were two conspiracies, as it contends. In the event of the failure of the Government to produce the evidence which it claims it possesses, when it becomes necessary for it to do so, appropriate action will be taken to safeguard the rights of the defendants.

The defendants cite no authorities in support of ground (4) of their motion. In my opinion it is without merit and requires no discussion.

■ Next they urge that the offense objects of the conspiracy are crimes which require concert of action by all the defendants and that in such a situation a charge of conspiracy does not lie. While it is true that where a crime necessarily involves the mutual cooperation of two persons, and if they have in fact committed the crime, they may not be convicted of conspiracy to commit it, this rule does not apply where the substantive offense can be committed by a single individual. United States v. Loew, 2 Cir., 1944, 145 F.2d 332; Lisansky v. United States, 1929, 4 Cir., 31 F.2d 846, 67 A.L.R. 67; Laughter v. United States,

6 Cir., 1919, 259 F. 94; Chadwick v. United States, 6 Cir., 1905, 141 F. 225; 11 Am.Jur. 557.

In United States v. Loew, supra, in discussing the rule the Court said at page 333:

· "The appellant misunderstands the doctrine to which we referred in United States v. Zeuli [2 Cir.] 137 F.2d 845. It is limited to cases in which the substantive crime involves the mutual co-operation of two or more persons and cannot be committed by a single individual. All of the substantive crimes contemplated by the conspiracy charged in the indictment could have been committed by one person. The attempt to stretch the Zeuli doctrine to cover appellant's situation is wholly without merit."

 Here one of the crimes contemplated by the conspiracy was to defraud the United States of its property and money. It is clear that the United States can be defrauded without concert of action. May v. United States, 1949, 84 U.S.App.D.C. 233, 175 F.2d 994; United States v. Burke, D.C.N.Y.1915, 221 F. 1014, reversed on other grounds sub. nom. Salas v. United States, 2 Cir., 1916, 234 F. 842. Similarly, the other offense objects charged are of a nature that can be committed by a single person. In my opinion this ground of the defendants' motion is likewise untenable.

The remaining ground of defendants' motions is that the indictment is improper and prejudicial in its allegations as to certain overt acts charged to have been committed by particular defendants. They contend that the allegations as to certain of the fifty-six overt acts alleged therein are lacking in particularity and hence are insufficiently pleaded. But they make no claim that the many other overt acts set forth in the indictment are not properly and sufficiently charged.

 Only one overt act to effect the object of the conspiracy is essential to the offense with which the defendants are charged. An indictment for conspiracy in violation of 18 U.S.C. § 371

is not subject to dismissal if one overt act to effect the object of the conspiracy is sufficiently charged regardless of the deficiencies, if any, in other charges of overt acts. Culp v. United States, 8 Cir., 1942, 131 F.2d 93; DeLacey v. United States, 9 Cir., 1918, 249 F. 625; United States v. Baker, D.C.R.I.1917, 243 F. 741. Since the commission of other overt acts is unquestionably properly and sufficiently charged in the indictment, it follows that this ground of the defendants' motion is also without merit.

The defendants' motions to dismiss the indictment are denied.