**UNITED STATES of America**

v.

**Demetrius GORDY.**

**Crim. No. 76–443.**

United States District Court,
E. D. Pennsylvania.

Jan. 19, 1977.

---

David W. Marston, U. S. Atty., John E. Riley, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Louis W. Fryman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Defendant, Demetrius Gordy, was found guilty by a jury of distribution of heroin, in violation of 21 U.S.C. § 841, and of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Defendant filed a motion in which he alleged seven reasons for granting a new trial or a judgment of acquittal. Oral argument was had on the motion. For the reasons hereinafter discussed, said motion is denied.

The third, fourth and fifth reasons asserted by defendant allege in effect that the Court should grant a judgment of acquittal on the ground that the evidence does not support a verdict of guilty. At trial, the Court denied the defendant's motion for a judgment of acquittal based on the sufficiency of the evidence. The defendant contends that this ruling was in error and that the government's evidence was insufficient as a matter of law to sus-

tain his conviction. In reviewing the denial of a motion for judgment of acquittal, the pertinent question is whether the trial court had reason to believe that there was sufficient evidence on which the jury could find guilt beyond a reasonable doubt. *United States v. Leach*, 427 F.2d 1107 (1st Cir. 1970). It is not for the Court, ruling on a motion for a judgment of acquittal, to assess the credibility of witnesses or to weigh the evidence. 2 *Wright, Federal Practice and Procedure: Criminal* § 467, at 259. Rather, the Court must view the evidence in a light most favorable to the government. *United States v. Armocida*, 515 F.2d 29 (3d Cir. 1975); *United States v. Pratt*, 429 F.2d 690 (3d Cir. 1970). If a conviction is based on circumstantial evidence, the evidence need not be inconsistent with every conclusion save that of guilt, provided it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt. *United States v. Giuliano*, 263 F.2d 582 (3d Cir. 1959). Applying this test, and viewing the evidence most favorable to the government, we conclude that there was more than sufficient evidence for the jury reasonably to find the defendant guilty beyond a reasonable doubt.

Frank Lee, a Philadelphia police officer currently assigned to the Drug Enforcement Administration Task Force, testified that while acting in an undercover capacity, he contacted Michelle Bowlers [1] on January 27, 1976 to arrange for the purchase of heroin and that on January 28, 1976 they went together to the area of 20th and Westmoreland in Philadelphia where they met with the defendant. Ms. Bowlers asked the defendant whether he would be able to sell them twenty bundles of heroin. Defendant said he could but that it would take about a half hour to arrange for the transaction. About a half hour later Ms. Bowlers placed a call to the telephone number given her by the defendant. The defendant told her that the heroin was ready and that he would meet them at Mc-

Donald's at Broad and Allegheny Avenue. They proceeded to McDonald's where they again met with the defendant. Officer Lee gave Bowlers $1100 to purchase the heroin. Ms. Bowlers walked up Allegheny Avenue with the defendant to pick up the heroin. Officer Lee watched until Ms. Bowlers return with the heroin and delivered it to him.

Ms. Bowlers' testimony supported that of Officer Lee. The testimony of Officer Lee and Michelle Bowlers was further supported by that of two Philadelphia police officers also assigned to the Drug Enforcement Administration Task Force who were acting in a surveillance capacity during the transaction. As heretofore stated, the case against the defendant was indeed strong.

■■ In connection with his motion for a new trial, defendant alleges that the government failed to make timely disclosure that Michelle Bowlers, a co-defendant who pleaded guilty and who was a witness at trial, had been exposed to a suggestive photographic identification. The government, after the jury was sworn but prior to the taking of testimony, informed the defendant that Michelle Bowlers had been shown a photo-spread at the time of her arrest which contained eleven photographs, three of which were photographs of the defendant. Defendant did not at any time request a suppression hearing. The defendant could have requested a hearing outside the presence of the jury in connection with his present contention that the in-court identification of the defendant by Michelle Bowlers was tainted by an impermissively suggestive pretrial identification procedure. *United States v. Mitchell*, 540 F.2d 1163 (3d Cir., 1976). The issue has been raised for the first time in this post-trial motion. Furthermore, this Court had no reason to inquire *sua sponte* into the circumstances of the in-court identification. There is nothing in the record in this case which would lead anyone to conclude that the alleged

---

**1.** Michelle Bowlers was indicted by a grand jury along with Demetrius Gordy on charges of distribution and conspiracy to distribute her-

oin. She pleaded guilty to her participation in the incident and testified for the government at Gordy's trial.

suggestive pretrial identification procedure had any bearing whatsoever on Michelle Bowlers' in-court identification of the defendant. As pointed out by the Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), one of the factors to be considered in evaluating the likelihood of the misidentification is the opportunity of the witness to view the defendant. In this case, Ms. Bowlers was a co-conspirator with the defendant. She had previously known him and made arrangements with him for the sale. She was the one who took the undercover agent to the defendant and introduced them to each other. There is no basis in this record which even remotely suggests that the allegedly suggestive pretrial identification procedure played any part in her certain and positive identification of the defendant at trial. As to Ms. Bowlers, on the basis of this record, there is absolutely no likelihood of a misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Moreover, the defendant was also positively identified by Officer Lee and by one of the officers who conducted the surveillance.

■ Another basis alleged by the defendant as a ground for a new trial is that there was an informant involved in this case and that the defendant was not advised as to the identity of the informant. The government attorney asserts that he did not represent to the defendant that there was no informant involved in this transaction but rather related to the defense counsel that the informant involved was not a Roviaro [*Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)] informant as it pertained to his client. The government attorney further advised defense counsel that there was an informant involved in earlier activities concerning the co-defendant, Michelle Bowlers, and that the informant did not play any part in the transaction involving the defendant. The government does not have an absolute duty to make an informant available to the defendant for his use at trial. In *Roviaro*, the Supreme Court held that the identity of an informant, or of the contents of his communication, must be disclosed to a defendant where it is relevant and where it would be helpful to the defense, or is essential to a trial. There is nothing in the record of this case concerning an informant and there has been no representation by the defendant as to how the informant's testimony, if there was one, might be helpful to the defense.

■ Further, in connection with defendant's motion for a new trial, he alleges that the Court erred in allowing Officer Lee to testify to statements made by Ms. Bowlers relating to the defendant made on January 26 and January 27, 1976, prior to the admission of independent evidence establishing a conspiracy between Ms. Bowlers and the defendant. Although the Court has been unable to find such hearsay statements, the admission of such hearsay would not have been error since the defendant is apparently referring to a statement of a co-conspirator in furtherance of the conspiracy made during the existence of the conspiracy.

Defendant's next allegation in connection with his motion for a new trial is as follows in connection with its charge to the jury:

The Court erred in its charge to the jury.

(a) By failing to charge the jury that they could accept or reject all or any part of the testimony of a witness irrespective of whether they believed the witness was telling the truth.

(b) By failing to charge point twelve of defendant's points for charge.

(c) By failing to charge point sixteen of defendant's points for charge.

■ A review of the Court's charge shows that "a" and "b" were adequately covered by the Court in its charge. As to "c" above, the Court denied the defendant's request to charge the jury that in weighing the evidence it should take into consideration the fact that the defendant was not indicted until eight months after the date of the commission of the crime. The defendant based this request on *Ross v. United States*, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). There is nothing in *Ross* requir-

ing a trial judge to charge the jury concerning the time period between the date of the offense and the date of the indictment.

Finally, in connection with defendant's motion for a new trial, he claims that the Court erred in permitting the heroin to go out with the jury. Once an exhibit has been admitted into evidence, it is within the sound discretion of the judge whether it should be sent out with the jury. *United States v. Hicks*, 373 F.Supp. 515, 518–19 (E.D.Pa.1974). The heroin which went out with the jury was sealed in a plastic container and was the heroin which the defendant allegedly sold and delivered. Furthermore, there had been considerable testimony during the trial concerning the quantity of heroin involved in the transaction. This Court did not abuse its discretion in sending the heroin out with the jury.

To summarize, we find no merit to the defendant's contentions and his motion for a new trial or a judgment of acquittal is DENIED.