UNITED STATES v. POWELL.

SAME v. BAILEY.

SAME v. GOIN.

SAME v. KENNEDY.

Nos. 8940–8942, 8945.

Circuit Court of Appeals, Seventh Circuit.

May 9, 1946.

As Modified on Denial of Rehearing
May 24, 1946.

Theodore Lockyear, Paul Wever, and Elmer Q. Lockyear, all of Evansville, Ind., for appellants.

B. Howard Caughran, U. S. Atty., and Paul A. Pfister, Asst. U.S. Atty., both of Indianapolis, Ind., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The defendant-appellant Kennedy was convicted on both counts of an indictment for violations of the Mann Act, Sec. 2, Act of June 25, 1910, 38 Stat. 825, 18 U.S.C.A. § 398. The defendants-appellants in the other three cases were convicted under indictments which charged them with receiving goods that had been stolen from interstate shipments, knowing that the goods had been stolen. 18 U.S.C.A. § 409. One question is presented in all four of these cases, and the decision of that question will dispose of all four cases.

In each case in the trial court no motion for a directed verdict was made at any time by any of the defendants. No motion for a new trial or other exception of any kind was taken by any of the defendants in their cases. The defendants presented no question to the trial court as to whether or not there was evidence to go to the jury, or whether, after the verdict, there was any evidence to support the verdict. Ordinarily, in the absence of a motion for a directed verdict in the trial court, and there follows a conviction, no question can properly be presented here as to whether or not there is evidence to support the verdict. United States v. Earnhardt, 7 Cir., 153 F.2d 472; Murphy v. United States, 8 Cir., 39 F.2d 412, 414; American Petroleum Co. v. Missouri Pacific Railroad Co., 8 Cir., 25 F.2d 441, 442; McCannon v. United States, 8 Cir., 22 F.2d 806; Feinberg v. United States, 8 Cir., 2 F.2d 955, 956.

The defendants concede the existence and applicability of this rule, but urge us to pursue an exception to this rule. They ask us to exercise our discretion, to look at the record, and to determine whether there was evidence to support the verdict of the jury —notwithstanding the fact that there was below no motion for a directed verdict or any other exception. United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555; Crawford v. United States,

212 U.S. 183, 194, 29 S.Ct. 260, 264, 53 L. Ed. 465, 15 Ann.Cas. 392.

 When we proceed under the exception to the rule, we are exercising our discretion to protect the administration of justice. The duty we discharge in this instance is not so much in the interest of the defendants who have waived their rights under the rules provided for their protection, as it is in the public interest to prevent injustice.*

The defendants cannot nonchalantly go through the trial of a case waiving all rules provided by law for their protection which assure them a fair trial, and then without obvious error in the record, raise here for the first time questions concerning the fairness of their trial. There must be readily apparent upon the face of the record such a condition of unfairness and injustice as would appeal to our discretion and prompt us to correct the obvious error in the proper administration of justice. We cannot be asked to search the record here for error by these defendants who have through negligence and inadvertence presented no question below. As Mr. Justice Frankfurter has recently pointed out: " * * * To turn a criminal appeal into a quest for error no more promotes the ends of justice than to acquiesce in low standards of criminal prosecution." Concurring opinion, Johnson v. United States, 318 U.S. 189, 202, 63 S.Ct. 549, 555, 87 L.Ed. 704.

 The cases at bar are not such cases as appeal to our discretion to invoke the exception to the rule. The judgments of the District Court are affirmed.

MAJOR, Circuit Judge.

I concur in the opinion in all the cases except No. 8941, and in my view the judgment should be reversed as to Rushell Bailey, the defendant therein. Notwithstanding the question as to the sufficiency of the evidence was not raised in the court below by a motion for directed verdict or otherwise, it was asserted in this court that there was no evidence justifying a submission of his case to the jury and consequently no proof upon which the judgment

of conviction can rest. An examination of the record discloses that this assertion is well founded. It appears to me that a judgment of conviction wholly unsupported by any competent testimony presents a direct challenge to the "fairness, integrity or public reputation of judicial proceedings." United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555.

---

* Ayers v. United States, 8 Cir., 58 F.2d 607, 609.