**UNITED STATES of America**

v.

**Solomon ALLARD, alias Joseph David; Perry J. Fishman, alias Fisher; Armando P. Gervasoni; Charles Leonard; and Harry Minkoff,**

**Perry J. Fishman, Appellant.**

**No. 11969.**

United States Court of Appeals Third Circuit.

Argued Jan. 11, 1957.

Decided Jan. 23, 1957.

Rehearing Denied Feb. 11, 1957.

Berel Caesar, Philadelphia, Pa., for appellant.

John D. Wolley, Asst. U. S. Atty., Trenton, N. J. (Chester A. Weidenburner, U. S. Atty., Newark, N. J., on the brief), for the United States.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

The defendant was convicted of conspiracy to distill liquor illegally in violation of United States liquor laws. The indictment charged a conspiracy to defraud the United States, 18 U.S.C. § 371, and violation of the following sections of the Internal Revenue Code of 1939: 26 U.S.C.A. §§ 2810(a), 2833(a), 3321. In this appeal it is argued that the evidence was insufficient to sustain a conviction.

A favorite method of attack on convictions in this and similar cases is to use the analogy of the links of a chain. If the chain has a weak link, the argument runs, the whole chain breaks and the defendant is entitled to a judgment of acquittal. We think this is not an accurate way to pose the legal problem. The question is whether all the pieces of evidence against the defendant, taken together, make a strong enough case to let a jury find him guilty beyond a reasonable doubt.

In this case the evidence against the defendant was all circumstantial. He was apprenhended at the end of a lane near a dwelling house upon a farm. At the time he was accompanied by another person who was driving the automobile. At this farm illicit distillation was in progress.

Prior to that the defendant had bought an oil burner in Trenton under a fictitious name, paying cash for it. This oil burner was a larger one than usually sold for household use. It was identified by brand name by the seller. In answer to a question whether he could tell whether it was the same oil burner as that found on the premises of the still, he said, "It would seem so." That was as definite as his identification was.

There was evidence that the defendant, accompanied by a man named Minkoff, purchased a certain filter press from an equipment company in New York in the name of a fictitious company and that a filter press of that type was found at the still when it was raided. Minkoff, himself, purchased, not in the defendant's company, five-gallon cans and caps which were found at the still's site. This links Minkoff with the conspiracy. No one of these facts by itself would justify a conviction. But all of them taken together are too strong to be dismissed as mere coincidences. We think the jury could properly have found the defendant guilty under the very careful charge of the trial judge. The evidence does not need to be inconsistent with every conclusion save that of guilt if it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt. Holland v. United States, 1954, 348 U.S. 121, 75 S. Ct. 127, 99 L.Ed. 150, rehearing denied 1955, 348 U.S. 932, 75 S.Ct. 334, 99 L. Ed. 731.

The judgment of the district court will be affirmed.