UNITED STATES of America,
Plaintiff,

v.

Eugene STRICKLAND, Defendant.

Crim. No. 38828.

United States District Court
E. D. Michigan, S. D.

May 10, 1962.

Lawrence Gubow, U. S. Atty., Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Nicholas Smith, Smith & Franklin, Detroit, Mich., for defendant.

FREEMAN, District Judge.

The defendant was indicted and tried to a jury for an alleged violation of 18 U.S.C. § 659 (possession of goods stolen from an interstate shipment). The government's evidence showed that a certain shipment of steel shipped by motor carrier from Pittsburgh, Pennsylvania, and destined for Van Dyke, Michigan, was stolen from a highway on the outskirts of Detroit where the carrier's trailer with the shipment thereon had been disconnected from the tractor due to mechanical

trouble on April 4, 1960; that an identical shipment was delivered to Copco Warehouse in Detroit on April 5, 1960, presumably for temporary storage by an unidentified person or persons; that a bill of lading purporting to cover this shipment was submitted to Copco on the date of delivery which contained the defendant's handwriting, including defendant's initials, according to the testimony of a handwriting expert witness for the government; that it was not the custom of the trade for drivers delivering such shipments to prepare bills of lading; and that it was the custom of Copco to have delivering drivers initial the bill of lading accompanying a shipment and thereby attest to the weight and contents of the shipment received by Copco and any variances between the shipment consigned and Copco's check thereof. The steel covered by the bill of lading submitted to Copco purported to be consigned from J. & M. Steel Company, Chicago, Illinois, to Rasak Steel Company, C/o Copco Steel Company, a Detroit steel broker who claimed and acknowledged ownership of this shipment of steel that was allegedly delivered by the defendant to Copco.

At the close of the government's case, the defendant moved for a judgment of acquittal, and in support of his motion contends that even if the stolen steel was the same as that delivered to Copco, there is not sufficient evidence to submit the case to the jury because, in order to convict, the jury would have to first infer from the government's evidence that the defendant had actual and exclusive possession of the recently stolen steel, and from such inference of possession, it would also have to infer that defendant had knowledge that the steel was stolen. Defendant argues that this would allow the jury to pyramid inferences to establish the ultimate fact of possession with guilty knowledge, which the law does not permit.

The government contends that it is proper to draw these inferences and that the doctrine of not permitting an inference to be drawn from another inference does not apply to the instant case.

■ On a motion for judgment of acquittal, "the trial judge, as well as this court, must view the evidence and the inferences that may justifiably be drawn therefrom, in the light most favorable to the government." United States v. Berkley (C.A. 6), 288 F.2d 713. In the case of Battjes v. United States (C.A. 6), 172 F.2d 1, 5, the Court said:

"This Court in reviewing a judgment for the purpose of determining whether the evidence was sufficient to support the conviction must take that view of the evidence with inferences reasonably and justifiably to be drawn therefrom, most favorable to the government, and determine therefrom whether the finding was supported by substantial and competent evidence, and where there is substantial and competent evidence, which if believed, supports the conviction, the appellate court can not weigh the evidence or determine the credibility of witnesses. [Citing cases]. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

"The question, whether a judge shall submit the evidence to a jury for a verdict, is no different in a criminal prosecution from the same question in a civil action; in each it is whether the evidence will rationally support a finding in favor of the party having the affirmative. The only added protection given the accused in a prosecution is that the jury must be satisfied of his guilt beyond a reasonable doubt." U. S. v. Sherman (C.A. 2), 171 F.2d 619, 621.

■ As a general proposition, "the unexplained exclusive possession of stolen property shortly after the commission of larceny or robbery may warrant a finding that the possessor has guilty knowledge." Pearson v. U. S. (C.A. 6), 192 F.2d 681, 689.

■ A knowing possession for the benefit of the thief, or any knowing possession with the intent and effect of de-

priving the owner of his property, would be a felonious possession. Applebaum v. U. S. (C.A. 7), 274 F. 43, 44. However, in the absence of "actual and exclusive" possession of stolen property or in the absence of "other circumstances shown from which the jury, without any consideration being given to the implied possession, could properly infer that the defendants had guilty knowledge," there is insufficient evidence with which to convict. U. S. v. Russo (C.A. 3), 123 F.2d 420, 422. In other words, constructive or implied possession, standing alone, is not sufficient to support an inference that the constructive possessor knew that the goods had been stolen. U. S. v. Russo, supra, at p. 422; Sorenson v. U. S. (C.A. 8), 168 F. 785, 798-9.

▌ The types of circumstances, in the absence of actual and exclusive possession, which would justify an inference of guilty knowledge, are those from which "the directly proven circumstances be such as to exclude every reasonable hypothesis but that of guilt." U. S. v. Russo, supra, 123 F.2d at p. 423.

▌ Circumstances as where the stolen goods were found partly in defendant's truck, which was still warm, and partly in defendant's chicken coop, which were both on defendant's premises, U. S. v. McNeil (C.A. 2, per curiam opinion), 255 F.2d 387, and such circumstances as where the stolen property was found in an alley outside defendant's window after police had gained resisted entrance to defendant's hotel room, Husten v. U. S. (C.A. 8), 95 F.2d 168, are examples of circumstances which give rise to an exclusive and reasonable hypothesis of guilt. In other words, the inference of guilty knowledge from recent possession of stolen property is proper if "it has been founded upon 'fact' regardless of whether such fact has been arrived at by direct or circumstantial evidence." Toliver v. U. S. (C.A. 9), 224 F.2d 742, 745.

The Ninth Circuit in Torres v. U. S., 270 F.2d 252, at p. 259 in a general discussion of the appellate decisions which have affirmed convictions has observed that

"It would seem that common to all of those cases affirmed on this question there existed some affirmative action on the part of the defendant which indicated guilty knowledge. Such acts as attempts to conceal the goods, sale of the goods at ridiculously low prices, obliteration of serial numbers or identifying marks on the goods, or contradictory stories concerning how the defendant happened to obtain the goods in the first place, have been held sufficient circumstances from which a jury can properly draw an inference of knowledge that the goods were stolen. It would seem fair to say that in each of the cases affirmed the actions on the part of the defendant were such that no reasonable person would have done them unless he suspected that there was something 'wrong' with the goods."

▌ In the instant case, the government's handwriting expert testified that in his opinion the bill of lading contained the defendant's handwriting, including his initials. A government witness from Copco Warehouse testified that it was the custom of the Warehouse to have the delivering driver initial the bill of lading. From this evidence, which is admittedly circumstantial, the jury could find, as a fact, that the defendant had the requisite possession to be charged with guilty knowledge. In other words, possession in the instant case is not a matter which the jury can infer or not infer, but it is a fact which is established or is not established, depending upon what weight or credibility the jury gives or attaches to the testimony of the government's handwriting expert and to its witness from Copco.

The Sixth Circuit has defined possession in fact as "such actual, exclusive control as the nature of the thing admits." Pearson v. U. S., supra, 192 F.2d at p. 692. It is established law that a possessor is allowed to exclude all except the rightful owner and is accountable

**302**

to no one but him. Ibid., at p. 692; Holmes Common Law, pp. 207, 246. "Possession involves power of control and intent to control." U. S. v. Pearson, supra, at p. 692; U. S. v. Curzio (C.A. 3), 170 F.2d 354. And two or more individuals may have the requisite control of and intent to control the property which gives rise to a joint and actual possession in them, and one which is not exclusive as between them but is as to all except the rightful owner. U. S. v. Cordo (C.A. 2), 186 F.2d 144.

In this Court's opinion, the jury could further find as a fact from the government's evidence that the defendant did have actual and exclusive possession of the steel based on his power of and intent to control the property and to exclude from his possession all except the owner thereof.

The defendant argues that there is no evidence to support a conclusion that he knew the steel was stolen when he delivered it to Copco. The government's evidence showed that the defendant had filled out the bill of lading and that it was not the practice of the trade to have the drivers prepare bills of lading. From this circumstantial evidence, the jury could infer the requisite guilty knowledge. In any event, the jury could infer from possession of such recently stolen property, knowledge that it was stolen. U. S. v. Sherman, supra (opinion by Judge Learned Hand); U. S. v. Pearson, supra.

Since the defendant in his briefs also appears to contend that the jury could not properly find from the government's evidence that the stolen steel shipment was the one delivered to Copco and then also find possession and the requisite guilty knowledge on the defendant's part, it should be noted that the evidence establishing that these shipments are identical is not the same evidence relied on to establish possession and guilty knowledge.

The evidence is sufficient to submit the case to the jury, and defendant's motion for judgment of acquittal must be denied.