**UNITED STATES of America**
**v.**
**David GALVIN, Appellant.**
**No. 16544.**

United States Court of Appeals
Third Circuit.

Argued April 1, 1968.

Decided May 17, 1968.

Thomas P. Calligy, Calligy & Flynn, Hoboken, N. J., for appellant.

George J. Koelzer, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

OPINION OF THE COURT

Before KALODNER, GANEY and VAN DUSEN, Circuit Judges.

VAN DUSEN, Circuit Judge.

This appeal challenges the District Court judgment, commitment and order of probation entered January 20, 1967, on a jury verdict of guilty on each of four counts of an indictment charging appellant under 18 U.S.C. § 495 with forging and uttering two separate United States Treasury checks (one payable to Catherine C. Slane and the other to J. F. and A. M. Foster) on the ground that the evidence is not sufficient to justify a reasonable mind in concluding, beyond a reasonable doubt, that appellant was guilty as charged.

The evidence, particularly when all logical inferences therefrom are drawn in favor of the jury's verdict (see United States v. Russo, 123 F.2d 420, 421–22 (3rd Cir. 1941); Thomas v. United States, 93 U.S.App.D.C. 392, 211 F.2d 45, 46 (1954), cert. den. 347 U.S. 969, 74 S.Ct. 780, 98 L.Ed. 1110 (1954)), justified the jury in finding that (1) these checks (dated April 29 and May 1, 1964) had been stolen from the mail before receipt by the payees, (2) the checks were exchanged for cash by appellant on or about May 1, 1964,

when they contained forged endorsements, (3) the endorsements of the joint payees (Fosters) were made by the same person, (4) appellant, while engaged in a poker game, accepted approximately 10% less than the face amount of the checks from an individual when he cashed them and he never made restitution to such individual after being informed by the latter that the checks were dishonored, and (5) he never made any attempt to locate the individuals who were in the poker game at the time he alleges the checks were placed in the "pot" which he won. Also, a qualified handwriting expert testified that "it is probable that" appellant forged the endorsements on both checks. Although appellant apparently concedes that such testimony is admissible,[1] he contends that it is not sufficient to permit a jury to find guilt beyond a reasonable doubt on the forgery counts, and that the uttering counts are "so inter-related that reversal on the forgery conviction requires reversal on the uttering conviction."

In view of appellant's exclusive possession of the fruits of the crime shortly after its commission[2] and the

---

1. Admissibility under F.R.Crim.P. 26 is governed by "the principles of common law." The common law makes no distinction as to admissibility of qualified expert opinion on handwriting in criminal, as opposed to civil, cases. 7 Wigmore, Evidence, § 1991, p. 177 (3d Ed. 1940). In addition, the opinion of a handwriting expert, once admitted, can be used for the same purposes and to the same effect as the opinion of other experts, see, e. g., United States v. Acosta, 369 F.2d 41, 42 (4th Cir. 1966), cert. den. 386 U.S. 921, 87 S.Ct. 886, 17 L.Ed. 2d 792 (1967), and is not inadmissible under the Opinion Rule or otherwise because it expresses a probability, e. g., 7 Wigmore, Evidence, § 1976 (3d Ed. 1940); Curtis v. A. Garcia y Cia, 272 F.2d 235, 242 (3rd Cir. 1959); Bearman v. Prudential Ins. Co. of America, 186 F.2d 662, 665 (10th Cir. 1951); Francis v. Southern Pac. Co., 162 F. 2d 813, 817–18 (10th Cir. 1947), aff'd on other grounds, 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948). Any reservations in the expressed opinion, as with short-comings in an expert's qualifications, go

to the weight of the evidence and are a determination for the jury or fact-finder to make, e. g., Schaefer v. United States, 265 F.2d 750, 754 (8th Cir.), cert. den. 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 82 (1959).

2. The rule is stated as follows in 1 Wigmore, Evidence, § 153, p. 600 (3d Ed. 1940):

"Wherever goods have been taken as a part of the criminal act, the fact of the subsequent possession is some indication that the possessor was the taker, and therefore the doer of the whole crime. * * * It is receivable to show the commission of * * * a forgery * * * or any other crime in which either a chief or a subordinate result might be the possession of a material article."

The rationale of this inference or presumption was stated as follows by Mr. Justice Story, sitting as Circuit Judge, in United States v. Britton, 24 Fed.Cas. 1239 at 1241, No. 14,650 (C.C.D.Mass. 1822):

"Acts of this sort are not usually done in the presence of witnesses; but

**230**

other evidence referred to above, such as the uncontradicted and positive testimony that the Foster check was forged, that appellant had accepted about 10% less than face value of these Government checks, and that he had never looked for the alleged poker player who had uttered the forged check in the card game, there was ample evidence to justify submission of the fourth to sixth counts to the jury. United States v. Chappell, 353 F.2d 83, 84 (4th Cir. 1965); United States v. Allard, 240 F.2d 840, 841 (3rd Cir. 1957); cert. den. sub nom. Fishman v. United States, 353 U.S. 939, 77 S.Ct. 814, 1 L.Ed.2d 761 (1957).[3]

■ Although the evidence of guilt of forgery as to the Slane check, as charged in the third count, is not as strong as that on the other three, above-mentioned counts,[4] the evidence of the facts summarized under 1, 2, 4 and 5 in the second paragraph of this opinion, when supplemented by the expert's testimony that it is probable that appellant forged the endorsement on this check, is sufficient to support the verdict of guilty on this count. As stated in United States v. Allard, supra, 240 F.2d at 841, " * * * all the pieces of evidence against the defendant, taken together, make a strong enough case to let a jury find him guilty beyond a reasonable doubt."

The District Court judgment, commitment and order of probation dated January 20, 1967, will be affirmed.

---

in places of concealment, with a view to prevent detection; and it is rare, that the government can offer any evidence of the place of the forgery, except that which arises from the fact of the utterance of the forged instrument."

In United States v. Russo, 123 F.2d 420, 422 (3rd Cir. 1941), this court quoted the following language from Wilson v. United States, 162 U.S. 613, 619, 16 S.Ct. 895, 40 L.Ed. 1090 (1896), to support an inference of guilty knowledge from "actual and exclusive possession" of the fruits of crime:

"'Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight unless explained

by the circumstances or accounted for in some way consistent with innocence.'"

3. In counterfeiting cases, the federal courts have consistently held that, where exclusive possession of the counterfeit currency is supplemented by circumstantial evidence of guilt at the time of the crime, there is sufficient evidence to justify a finding of the required guilty knowledge. See United States v. Damiano, 290 F.2d 817 (3rd Cir. 1961); United States v. Forzano, 190 F.2d 687, 688–689 (2nd Cir. 1951); United States v. Jonikas, 187 F.2d 240, 242 (7th Cir. 1951).

4. Counts I and II were not submitted to the jury and were officially dismissed in the judgment, commitment and order of probation dated January 20, 1967.