UNITED STATES of America
v.
Arthur HOPKINS et al.
Crim. A. No. 72–458.

United States District Court,
E. D. Pennsylvania.
Feb. 6, 1973.

---

Thomas McBride, Asst. U. S. Atty., for plaintiff.

Ronald J. Brockington, Philadelphia, Pa., for Hopkins.

Edward H. Weiss, Philadelphia, Pa., for Fletcher.

Kenneth S. Harris, Philadelphia, Pa., for Dinkins.

## OPINION

GORBEY, District Judge.

At a trial by jury, defendant Arthur Hopkins (Hopkins) was found guilty of aiding and abetting in the distribution of 5.81 grams of a controlled substance (i. e. heroin) [1] and conspiracy to distribute a controlled substance [2] as charged

---

1. In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

2. In violation of 21 U.S.C. § 846.

by counts 2 and 3 of the indictment. Defendant James Dinkins (Dinkins) was found guilty of distribution of a controlled substance[3] and conspiracy to distribute a controlled substance[4] as charged by counts 1 and 3 of the indictment. Defendant Alfred S. Fletcher was found not guilty as charged by counts 2 and 3 of the indictment which charged him with aiding and abetting in the distribution of a controlled substance and conspiracy. Defendant James Reid is a fugitive; and therefore has not been tried.

■■ Following the trial, defendants Hopkins and Dinkins moved for a new trial. Defendant Dinkins alleges that there was not sufficient evidence from which the jury could find him guilty of sale and possession of a controlled substance. The test on a motion for judgment of acquittal is whether the evidence is such that reasonable minds could find guilt beyond a reasonable doubt. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944); United States v. Allard, 240 F. 2d 840 (3d Cir. 1957); cert. denied sub nom., Fishman v. United States, 353 U. S. 939, 77 S.Ct. 814, 1 L.Ed.2d 761 (1957). In considering such motion the evidence must be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Pratt, 429 F.2d 690 (3d Cir. 1970). This includes, in a case which involves circumstantial evidence, the indulgence in all permissible inferences in the government's favor. United States v. Bowles, 428 F.2d 592, 597 (2d Cir. 1970), cert. denied, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970). When the evidence is seen in this light there is clearly sufficient evidence to support the present convictions.

■ From the testimony the jury may have found that a federal agent, accompanied by Calvin Butler (Butler), a known narcotics user, engaged in a successful purchase of narcotics. Butler, who had been searched by the agent prior to the undercover operation, turned over two bundles of heroin to the agent after he came out of a bar. The defendant Dinkins had been observed conversing with Butler before they entered a bar together. Dinkins was observed leaving and re-entering the bar while Butler was inside. Immediately after Butler emerged from the bar, he handed over two bundles of heroin to the agents. At the trial Butler testified that he purchased the heroin in question from Dinkins for $200, which was supplied to him by the agent for that purpose.

At the trial the defendant Dinkins testified to deny that a sale had taken place. The question was clearly one of credibility; with the jury apparently choosing to believe the testimony of the federal agents and Butler. Accordingly, we cannot say that the evidence was clearly insufficient within any reasonable guideline. United States v. Migliorino, 238 F.2d 7 (3d Cir. 1956).

■■ Next, defendant Dinkins contends that the court erred in instructing the jury on the credibility of witnesses. The testimony in the case showed that bundles of heroin turned over by Butler to the government agent contained two packets less than the usual number of packets and bundles sold on the street. The defendant feels that this fact entitles him to a charge that the jury should infer that Butler took the two packets and is therefore not worthy of belief. In addition to failing to cite any authority that the testimony of a witness may be impeached by evidence which tends to establish larceny, the defendant at trial failed to ask for such an instruction. A review of the court's instructions to the jury indicates an impeachment of a wit-

3. In violation of 21 U.S.C. § 841(a)(1).

4. In violation of 21 U.S.C. § 846.

ness' credibility was adequately covered. Further, evidence of a witness' arrest for larceny may not be introduced to impeach credibility. Since arrest is not sufficient to show the witness is guilty of a crime involving *crimen falsi* (United States v. Katz, D.C., 78 F. Supp. 435, aff'd, 173 F.2d 116 (3d Cir. 1949)) *a fortiori* evidence upon which an arrest might be made is even less of a showing. Further, it should be noted that counsel for defendant Dinkins made no objection to the charge at the time it was read.

■ Lastly, defendant Dinkins argues he is entitled to a new trial owing to a prejudicial joinder. In support of this motion, he quotes Fed.R.Crim.P. 14 and Cross v. United States, 118 U.S. App.D.C. 324, 335 F.2d 987 (1964) to show that the counts were prejudicially joined. Defendant Dinkins was charged in separate counts of the indictment with distribution of a controlled substance and conspiracy to distribute a controlled substance. Both of these counts arose out of the same incident. This is substantially different from *Cross* where the defendant was charged in separate counts of the indictment with robbery of a tourist home and robbery of a church rectory (*i. e.* two separate incidents).

Further, the reason for prejudice in *Cross, supra,* was that the defendant wished to testify on one count and remain silent on the other. Joinder of the counts required that the defendant offer dubious testimony on the count upon which he would otherwise remain silent, in order to avoid the damaging implication of testifying on only one of the two joint counts. Here there was no such dubious testimony by the defendant Dinkins. His testimony was largely a denial that he had even met or sold narcotics to Butler, a denial that he ever met or knew the alleged co-conspirators, and an explanation of the source of the money found in his possession when he was arrested. None of the defendant's

testimony could be characterized as more dubious than other portions which would be the case where a strong alibi was offered for one offense and a dubious alibi for another. *Cross, supra,* must also be distinguished by the fact that the defendant's motion to sever the counts was made before trial. Here the issue has been raised for the first time after trial. The defendant has failed to meet his burden of showing something more than the fact that a separate trial "might offer him a better chance of acquittal", Tillman v. United States, 406 F.2d 930 (5th Cir. 1969).

Defendant Dinkins' motion for judgment of acquittal or in the alternative new trial is therefore denied.

Defendant Hopkins alleges that there was not sufficient evidence from which the jury could find him guilty of aiding and abetting in the unlawful distribution and conspiracy to unlawfully distribute a controlled substance. From the evidence the jury may have found that Calvin Butler went to 21st and Boston Streets looking for defendant Hopkins in order to purchase heroin. Butler met defendant Fletcher who took him to defendant Hopkins. Hopkins thereupon told Butler that he had given all of his narcotics to his workers. However, one James Reid, a/k/a Sonny, would take him to 8th and Susquehanna where he could make a purchase. Reid thereupon accompanied Butler to 8th and Susquehanna and introduced him to James Dinkins from whom Butler purchased the heroin.

■■ In order to aid and abet another in the commission of a crime, it is necessary that the defendant, in some sort, associate himself with the venture, participate in it as he would something that he wishes to bring about; and seek by his action to make it succeed. Nye and Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949). Here, Hopkins, by sending Butler with Reid to make an unlawful purchase from

Dinkins, associated himself with and participated in the transaction in an effort to make it succeed. The evidence to sustain the jury's finding that defendant Hopkins was guilty of aiding and abetting is therefore sufficient.

■ To establish a conspiracy, the government must show that two or more persons conspired to commit an offense and at least one of them did some act in furtherance of the conspiracy. See United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940). A formal agreement is not necessary even though agreement is the essence of a conspiracy. Lacaze v. United States, 391 F.2d 516 (5th Cir. 1968). Here there is sufficient evidence from which the jury might deduce that an agreement between Hopkins, Dinkins and Reid existed to illegally distribute heroin. Calvin Butler discussed the purchase of narcotics with Hopkins and Fletcher. Hopkins told Butler he had given his supply to his workers, but knew where Butler could get some. Hopkins suggested that Reid would accompany Butler to the place where he could make the purchase. This is sufficient evidence from which the jury could find that a conspiracy to unlawfully distribute heroin existed. By sending Butler to 8th and Susquehanna to purchase heroin from Dinkins, the jury could find that defendant Hopkins committed an act in furtherance of that conspiracy, with knowledge of that conspiracy, thereby becoming a member of that conspiracy. See United States v. Aiken, 373 F.2d 294 (2d Cir. 1967), cert. denied, 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed. 2d 93 (1967).

Defendant Hopkins raises the same question as defendant Dinkins concerning the court's instructions to the jury on credibility of witnesses. The same substantive reasons for denial of defendant Dinkins' motions are appropriate here. In addition, defendant Hopkins failed to raise any objection to the instructions to the jury at the time of trial.

Finally, defendant Hopkins alleges that he was prejudiced by the joinder of his trial with that of the other defendants. His reason is that the introduction of contraband against one defendant prejudices the others.

■ Hopkins was charged with aiding and abetting which requires proof of the commission of a crime. Feldstein v. United States, 429 F.2d 1092 at 1095 (9th Cir. 1970). The contraband which was introduced in evidence against the co-defendant Dinkins could have been introduced against defendant Hopkins at a separate trial to prove commission of the offense. There are two further reasons why defendant Hopkins' motion for a new trial on the ground that he was prejudiced by the joinder of his trial with that of the other defendants should be denied. First, Hopkins failed to raise this issue until after the verdict was rendered against him. Second, defendant Fletcher stood trial with defendants Hopkins and Dinkins where they were charged with the same offenses, in the same counts of the indictment; however, Fletcher was acquitted. Thus, it is difficult to see how defendant Hopkins was actually prejudiced.

The motion of defendant Hopkins for judgment of acquittal or a new trial is therefore denied.