**UNITED STATES of America**

v.

**Melvin Hillard EHRENBERG.**

**Crim. A. No. 72-69.**

United States District Court,
E. D. Pennsylvania.

Feb. 14, 1973.

John Penrose, Asst. U. S. Atty., for plaintiff.

Martin Heller, Philadelphia, Pa., for defendant.

## OPINION

GORBEY, District Judge.

Defendant, Melvin Hillard Ehrenberg, was indicted in an 8 count indictment charging the making and passing of four separate United States treasury checks in violation of 18 U.S.C. §§ 471, 472. Counts 1, 3, 5 and 7 charged with respect to each of the four checks that the defendant "did falsely make an obligation and security of the United States, that is a treasury check, in that he inscribed thereon his name as payee, and the amount payable, so that the check, as falsely made, was of the following tenor and description" and directly thereunder appeared photo-copies of the front and back of the United States treasury check in question. Counts 2, 4, 6 and 8 charged with respect to each of the four checks that defendant "did pass and utter to [the named bank teller] of the Continental Bank and Trust Company, a falsely made obligation and security of the United States, that is a treasury check, with the name of the payee and the amount payable having been fraudulently made thereon by the payee, so that the check, as falsely made, was of the following tenor and description". Directly thereunder appeared photo-copies of the front and back of the United States treasury check in question, with the following typewritten beneath the photo-copies, "and Melvin Hillard Ehrenberg then knew the said check was falsely made."

The defendant was tried by a jury and acquitted as to counts 1, 3, 5 and 7; but found guilty as to counts 2, 4, 6 and 8. The defendant has filed motions for judgment of acquittal and a new trial as to counts 2, 4, 6 and 8.

## MOTION FOR JUDGMENT OF ACQUITTAL

The first point defendant alleges in his motion for judgment of acquittal is that the opinion of one or more handwriting experts that the endorsements on the checks in question were made by defendant, in the absence of any other evidence directly connecting defendant with the endorsements, is an insufficient basis as a matter of law upon which a jury can predicate guilt beyond a reasonable doubt and to a moral certainty. The defendant bases this claim on the fact that none of the bank tellers could remember who presented the checks for cashing and that the only evidence tending to connect the defendant with the

endorsements on the checks in question is the opinion of two handwriting experts based on a comparison of exemplars with the questioned endorsements. This contention is without merit and has been so held in United States v. Acosta, 369 F.2d 41 (4th Cir. 1966), cert. denied, 386 U.S. 921, 87 S.Ct. 886, 17 L. Ed.2d 792. In *Acosta*, a similar contention was raised after a judge sitting without a jury convicted defendant of uttering four United States savings bonds after having forged the endorsements thereon. The bank teller who cashed the bonds was unable to recall who presented the bonds to her, and said she would be unable to identify the person. The sole evidence linking the defendant with the offense was the testimony of a single document examiner who stated positively that the samples obtained from the defendant were written by the same hand that forged the endorsements on the bonds. Defendant contended that the testimony of the handwriting expert was insufficient to sustain the conviction. The court of appeals said:

"While handwriting analysis may not be as scientifically accurate as fingerprint identification, it is, on the whole, probably no less reliable than eyewitness identification which is often made after a quick glance at a human face. Naturally, when the record fails to furnish independent corroboration of guilt, the fact finder should receive the handwriting testimony with heightened caution, *but it cannot be said as a matter of law that such testimony, coupled with the trial judge's own observation of the exhibits, may in no event be found sufficiently persuasive.*" 369 F.2d at 42. [Emphasis added]

*See also* United States v. Duck, 423 F.2d 1200 (4th Cir.).

In the present case, two experts testified. The first one, a Mr. Fowler, testified that in his opinion, the endorsements and the handwriting appearing on the specimen cards and the signature cards were all authored by one person,[1] and that "My opinion is certain as I could be.".[2] The second expert, a Mr. Spittle, made a "positive identification"[3] of the signatures on the checks with the known handwritings. In addition, the jury had photographic illustrations so they could make their own comparisons.

Therefore, it cannot be said that, as a matter of law, such handwriting testimony is insufficient.

Defendant's next contention is that no evidence as to the offenses charged in counts 2, 4, 6 and 8 was introduced at trial and therefore defendant is entitled to a judgment of acquittal on these counts.

On a motion for judgment of acquittal on the grounds of insufficient evidence to support the conviction, the test for the motion is whether the evidence is such that the jury could find guilt beyond a reasonable doubt. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944); United States v. Allard, 240 F.2d 840 (3d Cir. 1957), cert. denied Fishman v. United States, 353 U.S. 939, 77 S.Ct. 814, 1 L.Ed.2d 761 (1957). A view of the evidence most favorable to the government must be taken when considering such motion. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Pratt, 429 F. 2d 690 (3d Cir. 1970). Further, "Once a trier of fact has found for the government, the evidence must be viewed most favorably to it which includes, where there is, as here, circumstantial evidence, the indulgence in all permissible inferences in its favor." United States v. Bowles, 428 F.2d 592 (1970), cert. denied, 400 U.S. 928, 91 S.Ct. 193, 27 L. Ed.2d 188 (1970). With this as a background, there is sufficient evidence on the record to sustain the conviction. A

---

1. N.T. p. 186.

2. N.T. p. 188.

3. N.T. p. 244.

review of the transcript establishes that on July 19, 1971, Melvin Hillard Ehrenberg opened an account with the Continental Bank, 18th and Benjamin Franklin Parkway.[4] At that time Mr. Ehrenberg filled out three signature cards; one for the Continental Bank master file in Norristown; one for the Continental branch at 18th and Benjamin Franklin Parkway; and, at Mr. Ehrenberg's request, a third card was signed to be put on file in Continental's Broad and Nedro office.[5] Mr. Ehrenberg received a bank identification card on which is typed the customer's name, the account, the date the account was opened and the office branch where the account was opened. There is nothing on the card which shows the bank branches where there are signature cards on file.[6]

The four checks were cashed on two separate days. The first two being cashed at each of the two branches of the Continental Bank where defendant had signature cards on file with the repeat of the process several days later. Although none of the bank tellers were able to identify the defendant as a person who cashed the checks, the government established by two separate handwriting experts that the endorsements on the back of the four checks were made by the defendant, upon comparison of those signatures with known handwritings of the defendant.

Therefore, in summation, although none of the bank tellers were able to identify the defendant as a person who cashed the checks, the fact that two handwriting experts testified that the defendant was the one who endorsed the checks together with the facts as discussed above, *i. e.* that the checks were cashed through defendant's account at two separate branches of Continental Bank where he had signature cards on file; and although defendant claims to have lost his wallet and his bank identification card, the bank personnel had established that this identification card would not show on its face that there were two branches where defendant had signature cards enabling drafts to be honored; all these pieces of evidence taken together make a strong enough case to let the jury find defendant guilty beyond a reasonable doubt. *See* United States v. Allard, *supra.*

Defendant also contends that since the indictment charges that defendant did pass and utter . . . that there is complete absence of any evidence that the defendant was the person who committed the offense and there is no evidence that the defendant offered a forged instrument to anyone.

■ While it is true that none of the bank tellers could identify the defendant as the person who cashed the checks, the argument ignores the function of 18 U.S.C. § 2 which provides:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

An indictment need not specifically charge aiding and abetting or causing the commission of an offense against the United States in order to support a jury verdict based upon the finding of either. All indictments must be read in effect as if the alternatives provided by 18 U.S.C. § 2 were embodied in each count. *See* Nye and Nisson v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L. Ed. 919 (1949); United States v. Lester, 363 F.2d 68 (1966), cert. denied, 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542.

■ To be guilty of aiding and abetting, the defendant must "willfully seeks by some action of his [own] to make it [the criminal venture] succeed", United States v. Schwartz, 398 F.2d 464, cert.

---

4. Testimony of Irma DeFiore, new account secretary, (N.T. p. 76).

5. N.T. pp. 79–81.

6. N.T. pp. 94–95.

denied Pyne v. United States, 393 U.S. 1062, 89 S.Ct. 714, 21 L.Ed.2d 705. From the evidence discussed above, the jury could conclude that the four checks in question could not have been passed and uttered without an endorsement on the back which satisfactorily matched the signature cards on file at the branches where the checks were presented, and, based on the testimony of the handwriting experts that the defendant was the individual who wrote those endorsements, that if he did not himself present those checks to the tellers, by his endorsements, he became one who aids, abets, counsels, commands, induces or procures the passing and uttering of the checks and therefore, may be charged as a principal and convicted on evidence thus establishing him as an aider and abetter. United States v. Lester, *supra.*

Therefore, defendant's motion for judgment of acquittal is denied and dismissed.

## MOTION FOR NEW TRIAL

In his motion for a new trial, defendant alleges six grounds. The first three *i. e.* the verdict was against the law; the verdict was against the evidence; and the verdict was against the weight of the evidence, have been disposed of under defendant's motion for judgment of acquittal, and are denied for the same reasons contained therein.

■ Defendant's fourth contention in his motion for a new trial is that the court erred in denying his request to suppress handwriting exemplars. The defendant, in his motion, does not raise any specific points wherein he alleges the court erred except that he merely alleges that the exemplars should have been suppressed. Upon the making of the motion to suppress the handwriting exemplars, a hearing was held and testimony was presented for both the prosecution and the defendant and, based upon the evidence presented and judging the credibility of the witnesses who testified therein, I denied the motion to suppress. The witnesses appeared before me and testified, and I believed the government's witnesses and did not believe the defendant. After reviewing the transcript of the hearing on the motion, I find that defendant's motion is without merit and is hereby denied.

As to defendant's remaining points, I find they are without merit and require no discussion other than to say that precautionary instructions were given, and the questioned remarks were not prejudicial. Therefore, these points are denied.